UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTWOINE SCONIERS,<br><br>         Plaintiff,<br><br>v.<br><br>WARDEN CALVIN JOHNSON, et al.,<br><br>         Defendants. | Case No. 2:22-cv-01739-GMN-VCF<br><br>**ORDER**<br><br>(ECF Nos. 16, 17, 18, 19, 20) |

  Plaintiff Antwoine Sconiers brings this civil-rights action to redress constitutional violations that she allegedly suffered while she was incarcerated at High Desert State Prison. (ECF No. 15). On January 17, 2023, the Court screened Sconiers's complaint, allowing some claims to proceed and granting her leave to file an amended complaint by February 17, 2023, if she chose to pursue claims about post-filing issues raised in her motions. (ECF No. 14). The Court denied Sconiers's application to proceed *in forma pauperis* ("IFP") without prejudice to her ability to pay the filing fee, file a new fully complete IFP application, or demonstrate that she was unable to obtain the required financial documents from prison officials. (*Id.* at 23). And the Court denied Sconiers's emergency motions seeking pretrial equitable relief because they concerned matters that fell outside of the complaint. (*Id.* at 19–21, 23).

  Two weeks after the screening order was entered, Sconiers filed five motions seeking various relief. (ECF Nos. 16–20). In one motion, Sconiers argues that she does not intend to file an amended complaint and wants to proceed on the claims as stated in her complaint and the Court's January 17, 2023, screening order. (ECF No. 19). The Court grants this motion.

  In another motion, Sconiers provides the first three pages of the Court's approved IFP application, which she has fully completed, and a written statement detailing the efforts she undertook to try to obtain the required financial certificate and six-month inmate trust fund account statement from prison officials. (ECF No. 20). Sconiers also details the efforts she undertook to seek status updates about those documents from law librarians, the Nevada Department of

Corrections ("NDOC") inmate banking department, and a prison caseworker. (*Id.* at 5–6).  The Court is satisfied that Sconiers has done all that she can to obtain the required financial documents, so it considers her IFP application complete.  And the Court defers a decision on the IFP application to later.

Finally, in three identical motions, Sconiers seeks a restraining order, a preliminary injunction, and a show-cause order requiring that prison officials release her from administrative segregation, transfer her to another prison, and keep all Defendants and nonparties Caseworker J. Jefferson, Sergeant Sanchez, and Correctional Officer Morales away from her. (ECF Nos. 16, 17, 18).  The Court denies the motion for an order to show cause (ECF No. 18) because that is not the appropriate procedural vehicle to obtain the extraordinary relief that Sconiers seeks.  And Sconiers cannot shift the heavy burden to obtain that relief by having Defendants show cause why a temporary restraining order or injunctive-relief order should not issue.

What remains are Sconiers's motions for a preliminary injunction and a temporary restraining order. (ECF Nos. 16, 17).  Sconiers declares that since filing the complaint, she has been consistently placed in unsafe housing conditions, including being placed in a cell with several inmates who are known to be violent sexual predators and who threatened and harassed her, which purportedly happened in December 2022 and January 2023, and being placed in administrative segregation from January 13 to 27, 2023, without any bedding, mattress, or basic hygiene products like soap, oral-care items, and toilet paper. (*See, e.g.*, ECF No. 16 at 3–11).  The Court will set a deadline for the NDOC to file any response to the motions seeking a temporary restraining order and a preliminary injunction.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the application to proceed *in forma pauperis* (ECF No. 20) is **CONSIDERED COMPLETE**, but a decision on the application is **DEFERRED** until later.

**IT IS FURTHER ORDERED** that the motion for an order to show cause (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that the Nevada Department of Corrections has until **February 15, 2023** to file any response to the motion for a temporary restraining order (ECF No. 17) and motion for a preliminary injunction (ECF No. 16). Plaintiff Sconiers will have seven (7) days after a response is filed to file any reply.

**IT IS FURTHER ORDERED** that the motion to proceed without an amended complaint (ECF No. 19) is **GRANTED**. Consistent with the Court's January 17, 2023, screening order (ECF No. 14), this action will proceed only on the following claims: (1) First Amendment retaliation against Defendants Johnson, Padilla, Kay, Rosses, and Ashcroft; (2) Eighth Amendment failure to protect against Defendants Kay, Padilla, Rosses, and Ashcroft; and (3) Eighth Amendment unconstitutional conditions of confinement claim against Defendant Johnson.

**IT IS FURTHER ORDERED** that given the nature of the claims that the Court has permitted to proceed, this action is stayed for 90 days to allow Sconiers and Defendants an opportunity to settle their dispute before the $350 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so.[1] The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order about that matter. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General will file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered prior to the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

---

[1] The response and reply briefs that the Court has permitted the parties to file on the motions for a temporary restraining order and a preliminary injunction are excepted from this stay.

"Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Sconiers's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

**IT IS FURTHER ORDERED** that if the case does not settle, Sconiers will be required to pay the full $350 statutory filing fee for a civil action. This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting Sconiers's application to proceed *in forma pauperis*. If Sconiers is allowed to proceed *in forma pauperis*, the fee will be paid in installments from her prison trust account. *See* 28 U.S.C. § 1915(b). If Sconiers is not allowed to proceed *in forma pauperis*, the full $350 statutory filing fee for a civil action plus the $52 administrative filing fee, for a total of $402, will be due immediately.

**IT IS FURTHER ORDERED** that if any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" no later than 21 days before the date set for mediation. The responding party will have 7 days to file a response. No reply will be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

**IT IS FURTHER ORDERED** that if Sconiers needs a translator to participate in the mediation program, she will file a notice identifying the translation language and the need for the translator within 30 days from the date of this order.

**IT IS FURTHER ORDERED** that the Attorney General's Office will advise the Court within 21 days of the entry date of this order whether it will enter a limited notice of appearance on behalf of the Interested Party identified below for the purpose of settlement. No defenses or objections, including lack of service, will be waived because of the filing of the limited notice of appearance.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to add the Nevada Department of Corrections to the docket as an Interested Party and electronically serve a copy of this order, the screening order (ECF No. 14), the complaint (ECF No. 15), the motion for a

preliminary injunction (ECF No. 16), and the motion for a temporary restraining order (ECF No. 17) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the Interested Party on the docket.  This does not indicate acceptance of service.

The Clerk of the Court is further directed to change the spelling of Defendant Sgt. Ashcraft on the docket to Defendant Sgt. Ashcroft.

DATED THIS  2  day of   Feb    2023.

_____
Gloria M. Navarro, Judge
United States District Court

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTWOINE SCONIERS,<br><br>                    Plaintiff,<br><br>v.<br><br>WARDEN CALVIN JOHNSON, et al.,<br><br>                    Defendants. | Case No. 2:22-cv-01739-GMN-VCF<br><br>REPORT OF ATTORNEY GENERAL RE:<br>RESULTS OF 90-DAY STAY |

**NOTE: ONLY THE OFFICE OF THE ATTORNEY GENERAL SHALL FILE THIS FORM.  THE INMATE PLAINTIFF SHALL NOT FILE THIS FORM.**

On _____, the Court issued an order stating that it had conducted its screening under 28 U.S.C. § 1915A, and that certain specified claims in this case would proceed. Thereafter on _____, the Court ordered the Office of the Attorney General of the State of Nevada to file a report within 90 days to indicate the status of the case at the end of the 90-day stay.  By filing this form, the Office of the Attorney General hereby complies.

**REPORT FORM**

[Identify which of the following two situations (identified in bold type) describes the case, and follow the instructions corresponding to the proper statement.]

**Situation One: Mediated Case**: **The case was assigned to mediation by a court-appointed mediator during the 90-day stay.**  [If this statement is accurate, check **ONE** of the six statements below and fill in any additional information as required, then proceed to the signature block.]

\_\_\_\_   A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have reached a settlement (*even if paperwork to memorialize the settlement remains to be completed*).  (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in the case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_   A mediation session with a court-appointed mediator was held on _____ [*enter date*], and as of this date, the parties have not reached a settlement.  The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, but the parties have nevertheless settled the case.  (*If this box is checked, the parties are on notice that they must SEPARATELY file a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in*

*this case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, but one is currently scheduled for _____ [*enter date*].

\_\_\_\_   No mediation session with a court-appointed mediator was held during the 90-day stay, and as of this date, no date certain has been scheduled for such a session.

\_\_\_\_   None of the above five statements describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

\* \* \* \* \*

**Situation Two: Informal Settlement Discussions Case**: **The case was NOT assigned to mediation with a court-appointed mediator during the 90-day stay; rather, the parties were encouraged to engage in informal settlement negotiations.** [If this statement is accurate, check **ONE** of the four statements below and fill in any additional information as required, then proceed to the signature block.]

\_\_\_\_   The parties engaged in settlement discussions and as of this date, the parties have reached a settlement (*even if the paperwork to memorialize the settlement remains to be completed*). (*If this box is checked, the parties are on notice that they must SEPARATELY file either a contemporaneous stipulation of dismissal or a motion requesting that the Court continue the stay in this case until a specified date upon which they will file a stipulation of dismissal.*)

\_\_\_\_   The parties engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_   The parties have not engaged in settlement discussions and as of this date, the parties have not reached a settlement. The Office of the Attorney General therefore informs the Court of its intent to proceed with this action.

\_\_\_\_   None of the above three statements fully describes the status of this case. Contemporaneously with the filing of this report, the Office of the Attorney General of the State of Nevada is filing a separate document detailing the status of this case.

Date:_____   _____
Signature of attorney

_____
Printed name

_____
Address

_____   _____
Telephone number                                              Email address