1

2

3

4

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

5

ANTWOINE SCONIERS,

Case No.  2:22-cv-01739-GMN-VCF

6

Plaintiff,

ORDER DISMISSING AND CLOSING
CASE

7

v.

8

CALVIN JOHNSON, et al.,

9

Defendants.

10    This action began with a *pro se* civil-rights complaint filed under 42 U.S.C. § 1983 by a

11 state prisoner.  On July 17, 2023, the Court ordered plaintiff Antwoine Sconiers, who is no longer

12 incarcerated in the custody of the Nevada Department of Corrections, to file her updated address

13 with the Court and either pay the full $402 filing fee for this action or file an application to proceed

14 *in forma pauperis* for non-prisoners by August 16, 2023. (ECF No. 36).  The Court warned

15 Sconiers that this action would be subject to dismissal without prejudice if she did not timely

16 comply. (*Id.* at 2).  That deadline has passed, and Sconiers has not filed her updated address with

17 the Court, either paid the required filing fee or filed an application to proceed *in forma pauperis*

18 for non-prisoners, or otherwise responded to the Court's July 17, 2023, order.  And the Court's

19 mail to Sconiers has been returned as undeliverable. (ECF No. 37).

20 **I.    DISCUSSION**

21    District courts have the inherent power to control their dockets and "[i]n the exercise of

22 that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

23 *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may

24 dismiss an action based on a party's failure to obey a court order or comply with local rules.

25 *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

26 with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

27 of prosecution and failure to comply with local rules).  In determining whether to dismiss an action

28 on these grounds, the court must consider: (1) the public's interest in expeditious resolution of

1    litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants;

2    (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

3    drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir.

4    2006) (quoting *Malone*, 833 F.2d at 130).

5         The first two factors, the public's interest in expeditiously resolving this litigation and the

6    Court's interest in managing its docket, weigh in favor of dismissal of Sconiers's claims.  The third

7    factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of

8    injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v.*

9    *Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—the public policy favoring

10   disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

11        The fifth factor requires this Court to consider whether less drastic alternatives can be used

12   to correct the party's failure that brought about the need to consider dismissal. *Yourish v. Cal.*

13   *Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives

14   *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v.*

15   *Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002).  Courts "need not exhaust every sanction short

16   of dismissal before finally dismissing a case, but must explore possible and meaningful

17   alternatives." *Henderson*, 779 F.2d at 1424.  Because this action cannot realistically proceed

18   without the ability for the Court and the defendants to send Sconiers case-related documents,

19   filings, and orders, the only alternative is to enter a second order setting another deadline.  But

20   without an updated address, the likelihood that the second order would even reach Sconiers is low,

21   so issuing a second order will only delay the inevitable and further squander the Court's finite

22   resources.  Setting another deadline is not a meaningful alternative given these circumstances.  So,

23   the fifth factor favors dismissal.

24   **II.    CONCLUSION**

25        Having thoroughly considered these dismissal factors, the Court finds that they weigh in

26   favor of dismissal.  IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED**

27   without prejudice based on Antwoine Sconiers's failure to file her updated address with the Court

28   and either pay the required filing fee or apply for *in forma pauperis* status as a non-prisoner in

1    compliance with the Court's July 17, 2023, order.  The Clerk of Court is directed to **ENTER**

2    **JUDGMENT** accordingly and **CLOSE THIS CASE**.  If Antwoine Sconiers wishes to pursue her

3    claims, she must file a complaint in a <u>new</u> case, and either apply for *in forma pauperis* status or

4    pay the required filing fee for that action.

5         IT IS FURTHER ORDERED that the motion to seal documents containing or concerning

6    the plaintiff's private medical records (ECF No. 26) is **GRANTED**.  The Clerk of the Court is

7    directed to **MAINTAIN THE SEAL on ECF No. 27**.

8         IT IS FURTHER ORDERED that the plaintiff's pending motions for pretrial equitable

9    relief and related matters (ECF Nos. 16, 17, 29) **are DENIED as moot**.

10

11   DATED: August 18, 2023

12                                              _____
                                                GLORIA M. NAVARRO
13                                              UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28